UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYMONT FRANCHISE SYSTEMS INC., successor in interest to AMERIHOST FRANCHISE SYSTEMS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GITA R. RAJ, an individual; and FALGUNI D. PATEL, an individual,<br><br>Defendants. | Civ. No. 11-3777 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Baymont Franchise Systems, Inc., successor in interest to Amerihost Franchise Systems, Inc. (herein after referred to solely as "Plaintiff"), brings this action against Defendants/Guarantors Gita R. Raj and Falguni D. Patel, seeking a judgment against Defendants for monies owed pursuant to a franchise agreement. This matter comes before the Court on Plaintiff's motion for summary judgment. The motion is unopposed. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for summary judgment is **GRANTED**.

**I. BACKGROUND**

The following facts are undisputed.[1] Plaintiff is a franchisor of a guest lodging facility franchise system. Laxmee, Inc. ("Laxmee") is one of Plaintiff's former franchisees.

<u>The Terms of the Franchise Agreement</u>
On or about May 22, 2006, Plaintiff and Laxmee signed a franchise agreement under which Laxmee, Inc. would operate a 60-room guest lodging facility in Batesville,

---

[1] Defendants, *pro se*, each filed four-page Answers to the Complaint. (ECF Nos. 8 and 12). However, neither Defendant has filed opposition to the instant motion or provided any other information to the Court. If the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court "will accept as true all material facts set forth by the moving party with appropriate record support." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

1

Mississippi for a term of twenty years (the "Franchise Agreement").  (Aff. of Valerie Capers, Ex. A, ¶ 8, ECF No. 18-4.)

Under the terms of the Franchise Agreement, Laxmee agreed to make certain periodic payments to Plaintiff for royalties, service assessments, taxes, interest, reservation system users fees, annual conference fees, and other miscellaneous fees, plus interest on any unpaid amounts (collectively, "Recurring Fees").  (*Id*. at ¶ 7.)  Laxmee's failure to make timely payment of Recurring Fees would put Laxmee in default of its obligations under the Franchise Agreement, as would any bankruptcy filing by Laxmee that was not dismissed within sixty days after the initial filing ("Default").  (*Id*. at ¶¶ 11.1, 11.2.)  Such Default, if uncured, would give Plaintiff cause to terminate the Franchise Agreement (*Id*.)

Pursuant to section 12.1 of the Franchise Agreement, Laxmee agreed that in event of termination of the Franchise Agreement for cause, Laxmee would pay Plaintiff liquidated damages in the amount of $2,000.00 for each guest room in the Batesville facility, plus interest, as well as an additional liquidated damages sum of $2,500.00.  (*Id*. at  Ex. A, ¶¶ 7.1, 11.1; Ex. C, ¶ 13.1.)

Finally, under the terms of the Franchise Agreement, Laxmee agreed that in the event the parties litigated disputes arising from the Franchise Agreement, the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [Franchise] Agreement or collect amounts owed under this [Franchise] Agreement."  (*Id*. at Ex. A, ¶ 17.4.)

<u>Defendants Guaranteed Laxmee's Obligations under the Franchise Agreement</u>
Defendants Gita R. Raj and Falguni D. Patel were principals of Laxmee, Inc. and guaranteed Laxmee's obligations under the Franchise Agreement.  (*Id*. at Ex. D.)  Thus, in the event Laxmee defaulted on its obligations under the Franchise Agreement, Defendants agreed that they would "immediately make each payment and perform or cause [Laxmee] to perform, each unpaid or unperformed obligation of [Laxmee] under the [Franchise] Agreement."  (*Id*.)

Laxmee failed to timely pay Recurring Fees due to Plaintiff, and on February 10, 2010, Laxmee filed for Chapter 11 Bankruptcy.  In response, by letter dated July 28, 2010, Plaintiff terminated the Franchise Agreement, effective as of July 20, 2010.  (*Id*. at Ex. F.)

On June 30, 2011, Plaintiff commenced this action, seeking to recover from Defendants monies which are owed to it by Laxmee.  On August 13, 2012, Plaintiff filed the present motion for summary judgment, seeking judgment in the amount of $380,837.52, which includes Recurring Fees, liquidated damages, interest, attorneys' fees, and costs.  Defendants were served with the motion, but have not filed any opposition.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

## III.   DISCUSSION

Plaintiff seeks summary judgment on its claim that Laxmee breached the Franchise Agreement, and that Defendants are liable for Laxmee's obligations under that agreement.  To prove a claim for breach of contract, a plaintiff must demonstrate the existence of a valid contract; that the defendant failed to perform under the contract; and that plaintiff sustained damages as a result. *Red Roof Franchising, LLC v. Patel*, 877 F. Supp. 2d 124, 132 (D.N.J. June 28, 2012) (*citing Murphy v. Implicito*, 392 N.J.Super. 245, 265 (App. Div. 2007).

In this matter, there is no dispute that the Franchise Agreement is a valid contract. There is also no dispute that Laxmee failed to meet its obligations to make certain payments under the terms of that agreement and that Plaintiff sustained damages as a result of Laxmee's non-payments.  Furthermore, it is undisputed that when Defendants — as principals of Laxmee — signed the Franchise Agreement, they also executed a Guaranty under which they agreed to "make . . . each unpaid or unperformed [payment] obligation of [Laxmee] under the Agreement."  On the basis of the unequivocal language in the Guaranty, the Court finds that Defendants are liable for any unpaid amounts Laxmee owes to Plaintiff stemming from its breaches of the Franchise Agreement.  *See Red Roof Franchising*, 877 F. Supp. at 135 (D.N.J. 2012) (same).  Thus, the only issue left for the Court to address is the amount which Plaintiff is owed.

Presently, Plaintiff asserts that on the basis of the undisputed facts, it is entitled to recover recurring fees and liquidated damages from Defendants totaling $365,677.15. The Court finds that Plaintiff has provided appropriate record support – including the Franchise Agreement itself – demonstrating that it is entitled to that amount. *See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, CIV. 11-896 WHW, 2012 WL 924385 (D.N.J. Mar. 19, 2012) (granting Plaintiff's requests for recurring fees and liquidated damages owed under a franchise agreement where the liquidated damages

3

were for an agreed upon amount and the recurring fees could be computed by formulas specified in the franchise agreement).

Plaintiff also seeks to recover attorneys' fees and costs from Defendants totaling $15,160.38. It is undisputed that under section 17.4 of the Franchise Agreement, Plaintiff – as the prevailing party – is entitled to recover "all costs and expenses, including reasonable attorneys' fees [to] collect amounts owed under this [Franchise] Agreement." Plaintiff has provided an itemized billing statement in support of that request. (Aff. of Valerie Capers, Ex. O, ECF No. 18-4.) And based on the record support provided by Plaintiff, the Court finds that an award of that amount is appropriate at this time. *See, e.g.*, *Howard Johnson Intern., Inc. v. Patel*, No. 11-918, 2011 WL 2148575, at *3 (D.N.J. May 31, 2011) (awarding attorneys' fees based on similar contractual language and similar supporting documentation); *Ramada Worldwide, Inc.*, 2012 WL 924385, at *7 (D.N.J. Mar. 19, 2012) (same). *See also* Fed. R. Civ. P. 54(d)(1) ("costs – other than attorney's fees – should be allowed to the prevailing party.")

In sum, based on the undisputed facts, the Court finds the following: first, that Laxmee breached the terms of the Franchise Agreement; second, that Plaintiff is entitled to a judgment against Defendants, as Laxmee's guarantors, in the amount of $380,837.53 stemming from Laxmee's breaches.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is **GRANTED**. Judgment is entered in the amount of $380,837.53. An appropriate order follows.

/s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 22, 2013**

4